[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10534
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60214-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK ABERNATHY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 30, 2013)

Before DUBINA, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Derrick Abernathy appeals his 180-month sentence imposed after he pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a).  Abernathy argues that his sentence was substantively unreasonable in light of the sentencing goals of punishment, deterrence, and rehabilitation, as provided for in 18 U.S.C. § 3553(a).  He points out that § 3553(a) requires courts to impose sentences "sufficient, but not greater than necessary," to achieve these goals, and says that a lower sentence would have been adequate to punish, deter, and rehabilitate him.

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  As Abernathy has argued, the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2).  Those purposes include, but are not limited to, the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a)(2); see also id. (1), (3)—(7).  In considering the § 3553(a) factors, the district court does not need to discuss or state each factor explicitly.  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).  An acknowledgment that the court has considered the defendant's arguments and the § 3553(a) factors will suffice.  Id.

2

The party who challenges the sentence bears the burden of showing that the sentence is unreasonable in light of the record and the § 3553(a) factors. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). We ordinarily expect a sentence falling within the guideline range to be reasonable. Gonzalez, 550 F.3d at 1324. We have also found that a sentence well below the statutory maximum penalty can be an indication of reasonableness. See id. We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).

Abernathy cannot meet his burden to show unreasonableness here. The record clearly reflects that the district court considered such § 3553(a) factors as the nature and circumstances of the instant offense, as well as the defendant's history and characteristics. See 18 U.S.C. § 3553(a)(1). In particular, the court referred to Abernathy's criminal record, his probation violation, and the fact that he committed the bank robbery roughly a year after finishing a 15-year sentence for prior bank robberies. After weighing this criminal history against other factors, the court found that any sentence lower than Abernathy's previous 15-year sentence would not promote respect for the law, which is one of the sentencing

3

purposes listed in § 3553(a).  In addition, the 180-months sentence was within the applicable guideline range and below the 20-year statutory maximum penalty, which are further indications of its reasonableness.  See Gonzalez, 550 F.3d at 1324.

For these reasons, we affirm Abernathy's sentence as substantively reasonable.

**AFFIRMED.**